UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

**FUNDAMENTAL LONG TERM CARE, INC.**

    **Debtor.**

_____/

**BETH ANN SCHARRER, CHAPTER 7
TRUSTEE FOR FUNDAMENTAL
LONG TERM CARE, INC. AND TRANS
HEALTH MANAGEMENT, INC.,**

    Plaintiffs,

v.

**GENERAL ELECTRIC CAPITAL
CORPORATION, FUNDAMENTAL
ADMINISTRATIVE SERVICES, LLC, THI OF
BALTIMORE, INC., FUNDAMENTAL LONG
TERM CARE HOLDINGS, LLC, MURRAY
FORMAN, LEONARD GRUNSTEIN, RUBIN
SCHRON, VENTAS, INC., VENTAS REALTY,
L.P., GTCR GOLDER RAUNER, LLC, GTCR
FUND VI, L.P., GTCR PARTNERS VI, L.P.,
GTCR VI EXECUTIVE FUND, L.P., GTCR
ASSOCIATES VI, EDGAR D. JANNOTTA, JR.,
AND THI HOLDINGS, LLC,**

    **Defendants.**                                            /

Case No. 8:11-bk-22258-MGW
Chapter 7 case

Adv. Pro. No.:

**COMPLAINT FOR DECLARATORY RELIEF
AND AVOIDANCE OF POST-PETITION TRANSFER**

Plaintiffs, Beth Ann Scharrer, as Chapter 7 Trustee (the "Trustee" or the "Plaintiff") for

the Bankruptcy Estate of Fundamental Long Term Care, Inc. ("FLTCI" or "Debtor"), and Trans

Health Management, Inc., pursuant to 28 U.S.C. § 2201, 11 U.S.C. §§ 549 and 550, and other

applicable law, hereby files its Complaint for Avoidance and Recovery of Post-Petition Transfers

and Declaratory Relief against Defendants, General Electric Capital Corporation ("GECC"), Fundamental Administrative Services, LLC ("FAS"), THI of Baltimore, Inc. ("THIB"), Fundamental Long Term Care Holdings, LLC ("FLTCH"), Murray Foreman ("Foreman"), Leonard Grunstein ("Grunstein"), Rubin Schron ("Schron"), Ventas, Inc. ("Ventas"), Ventas Realty, L.P. ("Ventas Realty"), GTCR Golder Rauner, LLC, ("GTCR"), GTCR Fund VI, L.P. ("GTCR Fund"), GTCR Partners VI, L.P. ("GTCR Partners"), GTCR VI Executive Fund, L.P., ("GTCR Executive Fund"), GTCR Associates VI ("GTCR" Associates"), Edgar D. Jannotta, Jr., ("Jannotta"), and THI Holdings, LLC ("THI Holdings") (collectively, the "Settling Third Parties"), and alleges:

## GENERAL ALLEGATIONS

### Jurisdiction and Venue

1. This action is an adversary proceeding governed by Chapter VII of the Federal Rules of Bankruptcy Procedure, and is brought pursuant to 28 U.S.C. 2201 and Sections 549 and 550 of the United States Bankruptcy Code.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334.

3. This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. §157(b)(2).

4. Venue of this adversary proceeding in this district is proper under 28 U.S.C. § 1409(a).

### The Parties

5. This Complaint is filed on behalf of the Debtor's Estate, for THMI, and for the benefit of their creditors.

6. On December 5, 2011, an Involuntary Petition under Chapter 7 of the United States Bankruptcy Code was filed against the Debtor (Bankr. Doc. 1) ("Petition Date").

7. On December 8, 2011, the Debtor was served, via U.S. Mail, Certified Mail, and personal service, with a summons and a copy of the Involuntary Petition (Bankr. Doc. 5).

8. On January 12, 2012, as a result of the Debtor's failure to file a motion or responsive pleading to the Involuntary Petition, the Court entered an Order for Relief (Doc. 6), which, by operation of law, determined that FLTCI was a debtor in bankruptcy from the Petition Date.

9. On January 23, 2012, the Court appointed Ms. Scharrer as Chapter 7 Trustee.

10. On May 7, 2012, the Debtor filed its Schedules, which disclose that the Debtor owns 100% interest in Trans Health Management, Inc. ("THMI"). Accordingly, the Trustee holds all of the Debtor's right, title and interest in and to any asset, along with all of the rights of THMI, and controls all its assets, including the ability to defend itself, release liabilities and bring causes of action.

11. General Electric Capital Corporation ("GECC") is a Delaware corporation with its principal place of business in Norwalk, Connecticut.

12. Fundamental Administrative Services, LLC ("FAS") is a Delaware limited liability corporation with its principal place of business in Sparks, Maryland. FAS provides administrative back office support services to long-term care companies, providers, skilled nursing facilities, long-term acute care hospitals, outpatient therapy care clinics, and hospices.

13. THI Holdings, LLC ("THI Holdings") is a Delaware limited liability company with its principal place of business in Sparks, Maryland.

14. THI of Baltimore, Inc. ("THIB") is a Delaware corporation with its principal place of business in Sparks, Maryland.

15. Fundamental Long Term Care Holdings, LLC ("FLTCH") is a Delaware limited liability corporation with its principal place of business in Sparks, Maryland.

16. Upon information and belief, Murray Foreman ("Foreman") is a resident of Nassau County, New York.

17. Upon information and belief, Leonard Grunstein ("Grunstein") is a resident of Bergen County, New Jersey.

18. Upon information and belief, Rubin Schron ("Schron") is a resident of Brooklyn, New York.

19. Ventas, Inc. ("Ventas") is a Delaware corporation with its principal place of business in Louisville, Kentucky.

20. Ventas Realty, Limited Partnership ("Ventas Realty") is a Delaware limited partnership with its principal place of business in Louisville, Kentucky.

21. GTCR Golder Rauner, LLC, ("GTCR") is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

22. GTCR Fund VI, L.P. ("GTCR Fund") is a Delaware limited partnership with its principal place of business in Chicago, Illinois.

23. GTCR Partners VI, L.P. ("GTCR Partners") is a Delaware limited partnership with its principal place of business in Chicago, Illinois.

24. GTCR VI Executive Fund, L.P., ("GTCR Executive Fund") is a Delaware limited partnership with its principal place of business in Chicago, Illinois.

25. GTCR Associates VI ("GTCR" Associates") is a Delaware company with its principal place of business in Chicago, Illinois.

26. Upon information and belief, Edgar D. Jannotta, Jr., ("Jannotta") is a resident of Chicago, Illinois.

## Summary of Adversary Proceeding

27. Pursuant to 11 U.S.C. § 549, the Trustee seeks to avoid the unauthorized post-petition transfer of the Debtor's rights, and those of its subsidiary, THMI, to defend itself in litigation, release liabilities, and to bring certain causes of action, to the extent such rights were transferred away in exchange for $700,000.00 paid to non-Debtor entities following the Petition Date without this Court's approval.

## Statement of Facts

28. On or about January 5, 2012, thirty-one (31) days after the Petition Date, the Settling Third Parties, on the one hand, and Trans Healthcare, Inc. ("THI"), on the other, entered an agreement that purports to assign THMI's right to defend itself in certain litigation, releases liabilities, and assigns THMI's right to commence certain causes of actions, to one or more of the Settling Third Parties in exchange for $700,000.00 (the "Assignment Agreement") A true and correct copy of the Assignment Agreement is attached as **Exhibit 1.**

29. Specifically, the Assignment Agreement states in its recitals that "[t]he parties also have agreed that some or all of the Settling Third Parties will ask the Baltimore court to declare that the Receiver had the right to assign its duty to defend and its rights to commence

5 of 9

SLK_TAM:#1505900v1

actions related to the Wilkes Litigation[1] on behalf of THI and/or THMI to one or more of the Settling Third Parties." (Ex.1, ¶ R).

30. The Assignment Agreement further provides in paragraph 10.1, entitled "Cooperation of Parties in Wilkes Litigation," that the "provision does not impose any obligation of FAS to defend any interest other than its own and the Receiver's interest which, for purposes of this Agreement, are construed to include the defense of THMI."

31. This Court did not authorize the Debtor to make any post-petition transfers to the Settling Third Parties and as such, the purported transfers are *void ab initio*.

32. The Trustee has engaged the law firm of Shumaker, Loop & Kendrick, LLP in this action and is obligated to pay reasonable attorney fees and costs for its services.

## Count I -
## Declaratory Relief

33. Plaintiffs re-allege and incorporate by reference the allegations made in paragraphs one (1) through thirty-two (32) above as if fully set forth herein.

34. This is an action for declaratory relief pursuant to 28 U.S.C. 2201.

35. The Trustee believes the Settlement Agreement, having been entered post-petition, without this Court's permission, and without the authority of the Trustee, the Debtor, or THMI, did not and could not affect the post-petition rights of the Debtor in property of the estate or the rights of THMI, as the Debtor's wholly owned subsidiary.

36. There is a bona fide, actual and present practical need for a declaration by this Court as the parties are in doubt as to their rights with respect to property of the estate.

---

[1] "Wilkes Litigation is defined in Paragraph J of the Assignment Agreement's Recitals to include lawsuits filed by the law firm of Wilkes & McHugh on behalf of various plaintiffs for negligence, wrongful death, and other claims arising out of injuries suffered by the plaintiffs at nursing homes owned, controlled and/or managed by the defendants to those lawsuits.

37. The declaration sought herein deals with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts, and is not sought merely as an advisory opinion or propounded from curiosity.

38. The Trustee's rights to the property of the Estate detailed above are dependent upon the facts or the law applicable to the facts; indeed, the relative rights of the parties hereto must be determined by this Court in order to enable the Trustee to administer the assets of the Debtor's Estate.

39. The Defendants named herein have or reasonably may have, an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law, and such adverse interests are all before the Court.

40. The Trustee has had to engage counsel to prosecute these claims and is entitled to be reimbursed a reasonable attorneys fee in conjunction therewith.

WHEREFORE, Plaintiffs, Beth Ann Scharrer, as Chapter 7 Trustee, and Trans Health Management, Inc., respectfully requests this Court enter a declaratory judgment determining the affect, or lack thereof, of the Assignment Agreement as to the right of the Debtor in property of the estate and the rights of THMI, and for such other and further relief as this Court deems just and appropriate.

## Count II -
## Avoidance and Recover of Post-Petition Transfer
## Pursuant to 11 U.S.C. §§ 549 and 550

41.     Plaintiffs re-allege and incorporate by reference the allegations made in paragraphs one (1) through thirty-two (32) above as if fully set forth herein.

42.     Section 549 of the Bankruptcy Code authorizes a trustee to avoid a transfer of property of the estate that (i) occurs after the commencement of the case; and (ii) has not been authorized under Title 11 of the United States Code

43.     After the Petition Date and without this Court's approval, the Settling Third Parties entered into the Assignment Agreement purporting to transfer the Debtor or THMI's rights as against the Settling Parties, and such transfers substantially affected the Debtor's property rights as well as that of the Estate.

44.     To the extent the Assignment Agreement purports to transfer any of the Debtor's rights, or those of THMI, its wholly owned subsidiary, without the approval of this Court, the transfer must be avoided.

45.     Based upon the purported assignment of rights in the Assignment Agreement, various law firms have acted on behalf of THMI (at the direction of one or more of the Settling Parties) by taking litigation positions and filing pleadings and other documents in various state and federal courts on behalf of the THMI in contravention of the Trustee's directives.  A true and copy of an example of one such document filed in the First District Court of Appeal is attached as **Exhibit 2.**

46.     Such lawyers and law firms asserted their entitlement to act for "clients" who have refused their representation and directed them to cease and desist by pointing to the Assignment Agreement as the basis for their authority to represent unwilling clients, a concept

SLK_TAM:#1505900v1

foreign to both Title 11 of the United States Code and the Rules Regulating the Florida Bar. A true and correct copy of one such response is attached as **Exhibit 3.**

47. The Post-Petition Transfer may be recovered from the Settling Third Parties by the Trustee because the Settling Third Parties were the initial transferee or the entities for whose benefit the Post-Petition Transfer was made or the immediate transferee of such initial transferee.

WHEREFORE, Plaintiffs, Beth Ann Scharrer, as Chapter 7 Trustee, and Trans Health Management, Inc. requests this Court enter a final judgment against the Defendants, avoiding the foregoing transfer(s) to the extent the Assignment Agreement affects the Debtor's assets and rights in property of the estate and the rights and/or assets of THMI, and granting any other and further relief this Court deems just and proper.

Dated: August 21, 2012	**SHUMAKER, LOOP & KENDRICK, LLP**

By:  */s/ Steven M. Berman*
**STEVEN M. BERMAN, ESQ.**
Florida Bar No. 856290
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
Phone: 813-229-7600; Fax: 813-229-1660
*Counsel for Bethann Scharrer,*
*Chapter 7 Trustee*